UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAMI P.,[1]

                              Plaintiff,

v.


COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

**DECISION AND ORDER**

6:21-cv-6313-JJM

          Plaintiff commenced this action on April 12, 2021, arguing that the

Commissioner's denial of her claim for Social Security benefits was not supported by substantial

evidence and was based on errors of law. Complaint [1].[2]  On September 21, 2023, I remanded

the case to the Commissioner for further proceedings consistent with my Decision and Order

[16].  Following the entry of a Judgment on September 22, 2023 [17], plaintiff filed a motion

[18] for an award of attorney's fees in the amount of $7,990.84 under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. §2412.

          Defendant challenges the timeliness of plaintiff's motion.

---

[1]       In accordance with the guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Western District
of New York on November 18, 2020 in order to better protect personal and medical information of non-
governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]       Bracketed references are to CM/ECF docket entries.

## ANALYSIS

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." The EAJA requires a party seeking an award of fees to apply to the court "within thirty days of final judgment in the action". Tamburri v. Berryhill, 2018 WL 1175141, *1 (E.D.N.Y. 2018), *citing* 28 U.S.C. §2412(d)(1)(B). "The date of entry of judgment starts the sixty-day period to appeal the case. . . . After the expiration of the sixty days, a plaintiff then has the thirty days specified by the EAJA to file an application for fees". Id.

The Judgment in this case was entered on September 22, 2023. [17]. Accordingly, the deadline for plaintiff to file her motion for EAJA fees was December 21, 2023. The docket indicates plaintiff's motion was filed on December 22, 2023. [18]. Plaintiff's application, therefore, is untimely. *See* Robert Lee C. v. Saul, 2022 WL 6769001, *1 (W.D.N.Y. 2022) ("the application for attorney's fees was due no later than December 29, 2021. Thus, the filing on December 30, 2021 was untimely").

Plaintiff maintains that "the motion was timely filed", but "question[s] whether there was a technical glitch or delay which caused the motion to appear untimely in its filing". Plaintiff's Response to Defendant's Motion to Deny the Petition [23] at 2. She urges the court to find the motion timely filed pursuant to Fed. R. Civ. P. ("Rule") 54(d)(2)(B), as courts in the Second Circuit have done for motions for attorneys' fees filed under 42 U.S.C. §406(b). Id.; *see also* Alan M. v. Kijakazi, 2023 WL 8004709, *2 (D. Conn. 2023). Finally, she argues that the court should apply the doctrine of equitable tolling. Id.

I do not agree with plaintiff that Rule 54(d)(2)(B) can be used to enlarge her time to file her motion for EAJA fees. Motions under the EAJA and §406(b) are governed by different rules, in part because of the source of funds used to pay the fees. EAJA fees are paid with public funds, while fees paid pursuant to §406(b) come from plaintiffs' own money - the past due benefits owed to them. *See, e.g.*, Geertgens v. Colvin, 2016 WL 1070845 (S.D.N.Y. 2016). The standard used to consider untimely motions pursuant to §406(b), therefore, is inapplicable to motions filed under the EAJA.

When a plaintiff files an untimely motion for fees under the EAJA, "courts within the Second Circuit consider whether an untimely EAJA fee application can be deemed timely pursuant to the doctrine of equitable tolling." Robert Lee C., 2022 WL 6769001, *2. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way". Bachand v. Saul, 778 Fed. Appx. 74, 75 (2d Cir. 2019) (Summary Order). Even a short delay, such as one day or 50 minutes, will not be excused absent a satisfactory showing. *See* Tamburri, 2018 WL 1175141, *2 (finding a delay of 50 minutes in filing EAJA motion could not be excused); Robert Lee C., 2022 WL 6769001, *2 (finding a delay of one day could not be excused).

"Generally speaking, the Court of Appeals for the Second Circuit sets a high bar to deem circumstances sufficiently extraordinary to warrant equitable tolling". Robert Lee C., supra. Neither the "press of business", "procedural oversight" nor "ordinary attorney neglect" will be sufficient to meet the standard. Id., *see also* Charles v. Colvin, 2015 WL 403239, *1 (E.D.N.Y. 2015). Ongoing settlement discussions are similarly insufficiently extraordinary. Hooper v. Berryhill, 2017 WL 927843, *4 (S.D.N.Y. 2017) ("[o]rdinarily, settlement discussions

are not the sort of extraordinary circumstance that would trigger the application of equitable tolling . . . [o]nly in certain situations - such as where defendant acted in bad faith or deceitfully lured the plaintiff into settlement discussions - will settlement negotiations operate to toll a statute of limitations"). Computer issues at the time of filing are similarly not an "extraordinary circumstance". Tamburri, 2018 WL 1175141, *2 (finding that "an attorney's computer malfunction on the final day of the 30-day window under the EAJA . . . does not qualify for equitable tolling").

Plaintiff's attorney, in her reply memorandum, states that there were "unusual, unforeseen and unexpected technical difficulties associated with this particular case" and "question[s] whether there was a technical glitch or delay which caused the motion to appear untimely in its filing". Plaintiff's Reply Memorandum [23] at 2. She also represents "in good faith . . . that the EAJA motion was timely filed". Id.

Plaintiff does not, however, submit any affidavit explaining the "unusual, unforeseen and unexpected technical difficulties", nor attesting to having timely filed the motion. Plaintiff's submission does not describe either the diligent pursuit of her rights or an extraordinary circumstance. Therefore, her motion does not satisfy her burden to demonstrate that equitable tolling should apply here.

The court's systems transaction log for CM/ECF shows that this motion was filed on December 22, 2023 at 5:45:16 a.m. Further, the Court does not have any record of a CM/ECF outage or any other technical issue occurring on December 21, 2023, nor of plaintiff's attorney making any filing on December 21, 2023. Nonetheless, because plaintiff's submission alludes to circumstances that could potentially satisfy the elements of equitable tolling, I will permit plaintiff an opportunity to supplement her motion with proof, in evidentiary form, that (1) she

- 4 -

diligently pursued her rights, and (2) that some extraordinary circumstance stood in her way of making a timely filing.  <u>Bachand</u>, 778 Fed. Appx. at 75.

## CONCLUSION

Plaintiff may supplement her motion, as described herein, on or before April 12, 2024.  Failure to do so will result in denial of the motion.

**SO ORDERED.**

Dated: April 1, 2024

　/s/  Jeremiah J. McCarthy　
JEREMIAH J. MCCARTHY
United States Magistrate Judge
