UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMI P.,[1]

                       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

**DECISION AND ORDER**

6:21-cv-6313-JJM

        Plaintiff commenced this action on April 12, 2021, arguing that the Commissioner's denial of her claim for Social Security benefits was not supported by substantial evidence and was based on errors of law. Complaint [1].[2] On September 21, 2023, I remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [16]. Following the entry of a Judgment on September 22, 2023 [17], plaintiff filed a motion [18] for an award of attorney's fees in the amount of $7,990.84 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

        Defendant challenges the timeliness of plaintiff's motion [22].

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to CM/ECF docket entries.

ANALYSIS

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." The EAJA requires a party seeking an award of fees to apply to the court "within thirty days of final judgment in the action". Tamburri v. Berryhill, 2018 WL 1175141, *1 (E.D.N.Y. 2018), *citing* 28 U.S.C. §2412(d)(1)(B). "The date of entry of judgment starts the sixty-day period to appeal the case. . . . After the expiration of the sixty days, a plaintiff then has the thirty days specified by the EAJA to file an application for fees". Id.

The Judgment in this case was entered on September 22, 2023. [17]. Accordingly, the deadline for plaintiff to file her motion for EAJA fees was December 21, 2023. The docket indicates plaintiff's motion was filed on December 22, 2023. [18]. Plaintiff's application, therefore, is untimely. See Robert Lee C. v. Saul, 2022 WL 6769001, *1 (W.D.N.Y. 2022) ("the application for attorney's fees was due no later than December 29, 2021. Thus, the filing on December 30, 2021 was untimely").

Plaintiff maintains that "the motion was timely filed", but "question[s] whether there was a technical glitch or delay which caused the motion to appear untimely in its filing". Plaintiff's Response to Defendant's Motion to Deny the Petition [23] at 2. She urges the court to find the motion timely filed pursuant to Fed. R. Civ. P. ("Rule") 54(d)(2)(B), as courts in the Second Circuit have done for motions for attorneys' fees filed under 42 U.S.C. §406(b). Id.; *see also* Alan M. v. Kijakazi, 2023 WL 8004709, *2 (D. Conn. 2023). Finally, she argues that the court should apply the doctrine of equitable tolling. Id.

When a plaintiff files an untimely motion for fees under the EAJA, "courts within the Second Circuit consider whether an untimely EAJA fee application can be deemed timely pursuant to the doctrine of equitable tolling." Robert Lee C., 2022 WL 6769001, *2. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way". Bachand v. Saul, 778 Fed. Appx. 74, 75 (2d Cir. 2019) (Summary Order). Even a short delay, such as one day or 50 minutes, will not be excused absent a satisfactory showing. See Tamburri, 2018 WL 1175141, *2 (finding a delay of 50 minutes in filing EAJA motion could not be excused); Robert Lee C., 2022 WL 6769001, *2 (finding a delay of one day could not be excused).

"Generally speaking, the Court of Appeals for the Second Circuit sets a high bar to deem circumstances sufficiently extraordinary to warrant equitable tolling". Robert Lee C., supra. Neither the "press of business", "procedural oversight" nor "ordinary attorney neglect" will be sufficient to meet the standard. Id., see also Charles v. Colvin, 2015 WL 403239, *1 (E.D.N.Y. 2015). Ongoing settlement discussions are similarly insufficiently extraordinary. Hooper v. Berryhill, 2017 WL 927843, *4 (S.D.N.Y. 2017) ("[o]rdinarily, settlement discussions are not the sort of extraordinary circumstance that would trigger the application of equitable tolling . . . [o]nly in certain situations - such as where defendant acted in bad faith or deceitfully lured the plaintiff into settlement discussions - will settlement negotiations operate to toll a statute of limitations"). Computer issues at the time of filing are similarly not an "extraordinary circumstance". Tamburri, 2018 WL 1175141, *2 (finding that "an attorney's computer malfunction on the final day of the 30-day window under the EAJA . . . does not qualify for equitable tolling").

Plaintiff's attorney, in her reply memorandum, states that there were "unusual, unforeseen and unexpected technical difficulties associated with this particular case" and "question[s] whether there was a technical glitch or delay which caused the motion to appear untimely in its filing". Plaintiff's Reply Memorandum [23] at 2. She also represents "in good faith . . . that the EAJA motion was timely filed". Id.

In my April 1, 2024 Decision and Order, I observed that plaintiff's attorney had not submitted any affidavit explaining the "unusual, unforeseen and unexpected technical difficulties", nor attesting to having timely filed the motion. Because her submission did not describe either the diligent pursuit of her rights or an extraordinary circumstance, I found that her motion did not satisfy her burden to demonstrate that equitable tolling should apply here. I therefore gave "plaintiff an opportunity to supplement her motion with proof, *in evidentiary form*, that (1) she diligently pursued her rights, and (2) that some extraordinary circumstance stood in her way of making a timely filing". Id. at 4-5, *citing* Bachand, 778 Fed. Appx. at 75 (emphasis added).

However, plaintiff's attorney did not make an evidentiary submission. Instead, she submitted an unsworn "Response" [25][3] that further explained the circumstances that led to her late filing. She acknowledged that she "wait[ed] to file a motion for EAJA fees in the hope that a settlement could be reached, even as of the day of the motion". [25] at 1. However, "settlement discussions are not the sort of extraordinary circumstance that would trigger the application of equitable tolling". Hooper, 2017 WL 927843 at *4. Further, plaintiff's attorney's representations include no indication that "defendant acted in bad faith or deceitfully lured the

---

[3]     "An attorney's unsworn statements in a brief are not evidence." Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009).

plaintiff into settlement discussions", circumstances that would "operate to toll a statute of limitations". Id.

Plaintiff's attorney then indicated that she "cannot wholly explain why the system took so long to register the EAJA submission when it had been submitted at least six hour[s] prior". [25] at 2. The court's systems transaction log for CM/ECF showed that this motion was filed on December 22, 2023 at 5:45:16 a.m. Accordingly, plaintiff's attorney's representation reveals that she did not attempt to file her motion for EAJA fees until approximately 11:45 p.m. on December 21, 2023 - the last day available for a timely submission.

She represents that, at the time she submitted the motion:

> "[T]here was or appeared to be a processing screen or indication that once the button for submission of the motion had been made by Plaintiff, the system was processing this request. Plaintiff did not press the back button or try to resubmit anything for fear of causing an error message, duplicate filings or freezing up the system. Once the motion was submitted (once Plaintiff hit the 'submit' button) through the court's CM/ECF system, she left the system alone. Upon later inspection it appeared the motion had gone through."

Id. Plaintiff's attorney represents that she has been unable to find any specific evidence concerning internet provider outages and does not have access to the internet service records for the internet service she used at the time she submitted the motion. Id. at 2-3. She asserts that she "hit the submit button well before the time deadline on the EAJA motion" and points to her other, timely, filings as evidence that this motion was timely filed also. Id. at 3.

Although I sympathize with plaintiff's attorney, her assertions, even if they were submitted in evidentiary form, do not meet the "high bar" set by the Second Circuit in order to "deem circumstances sufficiently extraordinary to warrant equitable tolling". Robert Lee C., 2022 WL 6769001 at *2. Nor does the described computer issue satisfy her burden to

demonstrate an "extraordinary circumstance". Tamburri, 2018 WL 1175141, *2 (finding that "an attorney's computer malfunction on the final day of the 30-day window under the EAJA . . . does not qualify for equitable tolling").

Given that plaintiff's attorney has offered no other explanation, I find that she has failed to satisfy her burden to establish an "extraordinary circumstance" necessary for a finding of equitable tolling. Moreover, given that plaintiff's attorney first attempted to file this motion with only 15 minutes to spare on the final day permitted for timely filing, I find she failed to satisfy the first element as well.

## CONCLUSION

Accordingly, plaintiff's motion for EAJA fees is denied.

**SO ORDERED.**

Dated: October 21, 2024

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge